UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FRANCES DEFRANCO,  **CIVIL COMPLAINT**

                       Plaintiffs.  Case No.: 21-cv-7478

             - against -  JURY TRIAL DEMANDED

L. L. BEAN, INC.,

                      Defendant.
------------------------------------------------------------------------X

Plaintiff, complaining of the Defendants, through her attorneys, LAW OFFICE OF CANER DEMIRAYAK, ESQ, P.C., respectfully alleges as follows:

## THE PARTIES

1. That at all times mentioned herein, Plaintiff, Frances Defranco, was and still is a resident, citizen and domiciliary of County of Bronx, State of New York.

2. That at all times herein mentioned, Defendant L. L. Bean, Inc., was and still is a foreign corporation authorized to do business in the State of New York and is a resident, citizen and domiciliary of and maintains its principal place of business in the State of Maine

3. That at all times herein mentioned, Defendant L. L. Bean, Inc., maintains its headquarters and nerve center at 15 Casco Street, Freeport, Maine 04032.

## JURISDICTION & VENUE

4. That this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332(a)(1), as a consequence of the fact that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of the State of New York and a corporation that maintains its headquarters, nerve center and principal place of business in the State of Maine.

5. That there is complete diversity between plaintiffs and defendants as all plaintiffs are from New York and all defendants are incorporated in and maintain its nerve center in Maine.

6. This Court has personal jurisdiction over the defendants herein because they have availed themselves of the privilege of conducting activities within the State of New York, have sold goods in this district; and have engaged in the activities giving rise to this lawsuit within the State of New York and this district by owning, leasing, operating, managing, maintaining, staffing, paying for, renting, and repairing a storefront at the Ridge Hill L. L. Bean located at 1 Ridge Hill Boulevard, Yonkers, New York 10710.

7. Venue is appropriate in this Court as per 28 U.S.C. 1391(a)(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district in Westchester County, State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION
## COMMON LAW NEGLIGENCE

8. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 7, inclusive of this Complaint as if same were fully set forth herein at length.

9. That on May 31, 2021, and at all times herein mentioned, a premises existed in the County of Westchester, City of Yonkers and State of New York with the address of 1 Ridge Hill Boulevard, Yonkers, New York 10710 known as the Ridge Hill L. L. Bean store.

10. That at all times hereinafter mentioned, the Defendant owned the premises and appurtenances and fixtures thereto, located at 1 Ridge Hill Boulevard, Yonkers, New York 10710 known as the Ridge Hill L. L. Bean store.

11. That at all times hereinafter mentioned, the Defendant operated the aforesaid premises.

12. That at all times hereinafter mentioned, the Defendant managed the aforesaid premises.

13. That at all times hereinafter mentioned, the Defendant controlled the aforesaid premises.

14. That at all times hereinafter mentioned, the Defendant maintained the aforesaid premises.

15. That at all times hereinafter mentioned, the Defendant repaired the aforesaid premises.

16. On May 31, 2021, plaintiff, Frances Defranco was lawfully on the aforesaid premises.

17. On May 31, 2021, plaintiff, Frances Defranco was a lawful pedestrian at the above-mentioned location.

18. On May 31, 2021, plaintiff, Frances Defranco was lawfully at the aforesaid location and she was caused to slip and/or trip and fall and sustain severe and permanent injuries to her left wrist and thumb, index finger and middle finger, thereby tearing the ligaments in her left hand, wrist and fingers, necessitating emergency ambulance service, hospital admissions, diagnostic testing, medical treatment, medications, injections and surgery. Plaintiff also injured her right knee and right elbow and sustained visible bruising.

19. The above-mentioned occurrence, and the results thereof, were caused by the negligence of the Defendant, and/or said Defendant's agents, servants employees and/or licensees in the ownership, operation, management, maintenance and control of the aforesaid premises.

20. Specifically, Defendant, and defendant by its agents, servants and/or employees, was negligent and careless in causing, permitting and allowing a dangerously defective rubber strip

at or near the rug in the shoe department at the aforesaid location to be, become and remain in an unsafe, carelessly placed, dangerously placed, hazardous and dangerous condition and thereby constituting a nuisance, danger, menace and hazard; in knowingly and for a long and unreasonable length of time, it failed to ensure that the said dangerously defective rubber strip at or near the rug in the shoe department was maintained in a safe, proper and suitable condition; in causing, permitting and allowing said dangerously defective rubber strip at or near the rug in the shoe department to be, become and remain in a dangerous, unsafe, defective and trap like condition; in having an employee negligently and carelessly place or reposition rugs, carpets, rubber strips and other items on the ground, thereby causing a dangerous condition; in that said dangerously defective rubber strip at or near the rug in the shoe department was broken and in the nature of a trap; in failing to repair the items or devices connected to or a part of the dangerously defective rubber strip at or near the rug in the shoe department; in failing to warn customers and lawful pedestrians including the plaintiff herein of the dangerous condition existing thereat, despite actual and constructive knowledge and notice thereof; in failing to post a sign or warning of said dangerous condition; in failing to place signs, guards and/or barricades about said area to warn pedestrians including the plaintiff herein lawfully upon said store of the said dangerous and defective condition; in failing and neglecting to remedy the aforesaid dangerous condition; in failing to provide officers, guards or other such personnel so as to warn pedestrians including the plaintiff herein of the aforesaid dangerous and defective conditions, and thereby prevent said occurrence; in failing to comply with the laws, rules, regulations, ordinances, statutes and codes of the City of New York and State of New York in such cases as made and provided, then and there effective; and defendant was otherwise negligent and careless in the premises. *See* Exhibit 1.

21. That the defendant's various employees, managers and supervisors, on duty on the date of the occurrence and possessed actual notice of the dangerous condition.

22. That the defendant's various employees, managers and supervisors, on duty on the date of the occurrence and possessed constructive notice of the dangerous condition.

23. That the defendant affirmatively created the dangerous condition.

24. That the dangerous condition was hidden/latent and the defendant failed to warn plaintiff of the danger posed by the defect.

25. That defendants failed to properly safeguard plaintiff from the reasonable risk of a tripping and falling on the dangerous condition despite actual and constructive notice of the defect caused by the rubber strip and rug. The defendants had a duty to ensure no such defects posed a risk to customers such as plaintiff. The defendants had a duty to properly place, position and move carpets, rugs, rubber and other floor items so as not to constitute risks of danger by causing injuries during a trip and fall such as plaintiff. The defendants failed these duties.

26. That there is no dispute that plaintiff was caused to trip and fall over the dangerous condition, that the condition was dangerous and negligently caused by defendant, that she was severely and permanently injured, that emergency medical services were dispatched to and entered the store to carry plaintiff out and transport her to the emergency room.

27. That no negligence on the part of the Plaintiff Frances Defranco contributed to the occurrence alleged herein in any manner whatsoever.

28. That by reason of the foregoing, Plaintiff Frances Defranco, was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and the effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was,

and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

29. That by reason of the foregoing, Plaintiff Frances Defranco was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, which exceeds $75,000.00 exclusive of interest or costs.

## JURY TRIAL DEMAND

30. Plaintiff hereby demands a trial by jury.

## RELIEF

**WHEREFORE**, plaintiffs demands judgment against defendants as follows:

1. As to the First Cause of Action against defendants, for an indeterminate sum of not less than SIX HUNDRED THOUSAND ($600,000) DOLLARS for plaintiff; and

2. As to all causes of action, the costs and disbursements of this action; a trial by jury of all issues set forth in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

LAW OFFICE OF CANER DEMIRAYAK, ESQ., P.C.

Dated: Brooklyn, New York
September 7, 2021

_____/s/_____
Caner Demirayak, Esq.
300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11201
718-344-6048
Fax: 646-679-2527
caner@canerlawoffice.com